UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

WILLIAM R. SCHERER III, on behalf of himself and all others similarly situated,

        Plaintiff,

vs.

HYUNDAI CAPITAL AMERICA, INC.
d/b/a KIA FINANCE AMERICA and
HYUNDAI MOTOR FINANCE

        Defendant.
_____/

CASE NO:

**CLASS ACTION COMPLAINT**

## CLASS ACTION COMPLAINT

Plaintiff, William R. Scherer III (hereinafter "Plaintiff" or "Scherer"), on behalf of himself and all others similarly situated, sues Defendant, Hyundai Capital America, Inc., d/b/a Kia Finance America and Hyundai Motor Finance (hereinafter "HCA" or "Defendant").

## INTRODUCTION

1. Plaintiff brings this national class action challenging Defendant's wrongful business practices of increasing the predetermined vehicle lease buyout cost and instead requiring payment of excessive fees to lessees who have sought to exercise their purchase option at the end of the lease term. Plaintiff asserts this action pursuant to Federal Rule of Civil Procedure 23, on behalf of himself and all others similarly situated ("Class members").

2. At the end of a consumer motor vehicle lease, a lessee has the option to purchase the vehicle. When that option to purchase is exercised, the lessor may only charge the amounts expressly disclosed in the lease. Despite this, Defendant failed to honor the lease terms and violated applicable law by requiring a lessee to pay additional undisclosed fees and amounts when the lease buy-out option was exercised.

1

## PARTIES

3. Plaintiff, William R. Scherer III, is an individual over the age of 21 and resides in Broward County, Florida.

4. Defendant, Hyundai Capital America, Inc. ("HCA"), was formerly known as Hyundai Motor Finance Company, and is a California corporation, with its principal place of business in Orange, County, California. HCA does business as Kia Finance America, Kia Motors Finance, and Hyundai Motor Finance.

5. HCA finances vehicle leases that service the Hyundai, Genesis, and Kia automobile brands that together comprise the Hyundai Motor Group. As such, HCA provides financial products to dealerships nationwide, serving over 2 million retail customers, including consumer motor vehicle leases. At all times material, HCA regularly engaged in vehicle leasing, offering to lease, and arranging leases through its written lease agreements.

6. As part of the consumer leasing process, HCA authorized its affiliated dealers to lease and finance motor vehicles, which are acquired by and assigned to HCA's wholly owned agents, such as Hyundai Lease Titling Trust, a trust controlled by HCA. The leases are serviced by HCA, including the processing and receipt of lease payments.

## JURISDICTION

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C § 1331 because Plaintiff's Federal Consumer Leasing Act claim, 15 U.S.C. § 1667 *et seq.*, arises under the laws of the United States, and this Court has supplemental jurisdiction over Plaintiff's state law claims. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2) because this is a class action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and Plaintiff (as well as certain class members) are citizens of a state different than HCA.

8. This Court has personal jurisdiction over Defendant because HCA continuously and systematically operates, conducts, engages in, and carries on business in Florida in connection with leasing motor vehicles and attendant servicing of those consumers. The Court also has specific personal jurisdiction over Defendant because the wrongful conduct identified herein occurred in this district. Accordingly, Defendant is subject to Florida's long arm jurisdiction under § 48.193, Fla. Stat.

## VENUE

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff's cause of action accrued within this judicial district and a substantial part of the events, acts, and omissions giving rise to Plaintiff's claims occurred here. Furthermore, Defendant routinely operates and solicits business in this district, and Defendant's wrongful acts have impacted the general public of this district.

## FACTUAL ALLEGATIONS

*The Lease*

10. On July 9, 2019, Plaintiff, William R. Scherer III, executed a consumer lease (hereinafter the "Lease") for a 2019 Kia Soul bearing VIN *************1192 (hereinafter the "Subject Vehicle") at the Phil Smith Kia dealership in Lighthouse Point, Broward County, Florida.

11. Plaintiff's Lease constitutes a "consumer lease" because it was for over 4 months, involved a total contractual obligation not exceeding $50,000, and was primarily for personal, family, or household purposes.

12. The Lease was executed by the authorized representative of Defendant HCA and its wholly owned agent Hyundai Lease Titling Trust, thereby assigning the right, title, interest, and control in the Lease and the vehicle to HCA. A true and accurate copy of the Lease is attached hereto as Exhibit 1.

13. Under the terms of the Lease, a customer has the right to purchase the leased vehicle as set forth in Section 9 at maturity or before maturity as long as the customer is not in default. More specifically, Section 23 of the Lease, titled "Purchase Options and Vehicle Return" asserts that the customer may purchase the vehicle (a) at the Scheduled Maturity Date (which in this case was a term of 36 months or July 9, 2022 per Section 12) for the amount set forth in Section 9, if you are not in Default or (b) before the Scheduled Maturity Date for the amount set forth in Section 9, if you are not in Default "except that the Purchase Price will be the Adjusted Lease Balance" as defined in the Lease.

14. Section 9 ("Purchase Option at the End of Lease Term") entitled Plaintiff to purchase the Subject Vehicle at the end of the lease term. Specifically, the option provided:

> "You have an option to purchase the Vehicle from us at the scheduled end of the Lease Term, AS IS, WHERE IS, from us or a party we designate, ("See Section 23), for the Residual Value on line 7D above (Purchase Price") plus a Purchase Option Fee of $ N/A. You are also responsible for any official fees, such as those for taxes, tags, licenses, and registration. *Please see Section 23 of this Lease for additional terms and conditions*.

15. Line 7D of the Lease defined the Residual Value of the Subject Vehicle as $13,236.60, which is defined as "[t]he value of the Vehicle at the end of the Lease used in calculating your Base Monthly Payment."

16. Therefore, the Lease entitled Plaintiff the option to purchase the Subject Vehicle for the Residual Value with lease balance adjustments, plus official fees and taxes. The lease did not authorize or disclose any other fees, costs, or expenses to be charged to the customer at the lease buyout.

17. Plaintiff was not in default of the Lease at any time.

### The Lease Buyout

18. As the lease approached maturity, Plaintiff decided he wanted to exercise his

purchase option for the Subject Vehicle from HCA for the total agreed upon purchase price, plus official fees and taxes.

19. To that end, Plaintiff dealt with a KIA lease-end advisor, as well as with KIA Finance directly through its designated phone number. Pursuant to HCA standard practice for lease buyouts, customers (like Plaintiff) are directed to purchase the vehicle from an affiliated dealership. Plaintiff learned that HCA would not sell the Subject Vehicle directly to him, and instead, HCA designated its affiliated dealership as a party from whom Plaintiff should purchase the Subject Vehicle via a lease buyout.

20. Kia Finance's webpage also identifies the standard process for the purchase of its leased vehicles (diagram below) and directs the customer to visit "your Kia dealer" as a way to "wrap up your lease."



(*https://www.kiafinance.com/lease-end-overview/?section=BuyCurrentKia*)

5

21. In May, Plaintiff began working with HCA's dealer, Phil Smith Kia/Mitsubishi in Lighthouse Point, Broward County, Florida in order to exercise his option to buyout the Lease of the Subject Vehicle. During that process, Plaintiff faced demands for payment of additional, undisclosed fees which Plaintiff was required to pay to purchase the Subject Vehicle.

22. On May 21, 2022, Plaintiff completed the purchase of the Subject Vehicle from the affiliated Phil Smith dealership.

23. Plaintiff was forced to pay the total amount of $15,871.27 for the Subject Vehicle, comprised of the following:

- $13,474.00 (Residual Value with lease balance adjustments)
- $939.44 (Sales Tax, including County Tax)
- $82.85 (Title, Registration, and License Fees)
- $999.99 (Predelivery Service Charge)
- $349.99 (Electronic Registration Filing Fee)
- $25.00 (Private Tag Agency Fee)

24. The last three charges listed above do not constitute "official fees or tax" permitted under the Lease terms, nor were they otherwise disclosed in the Lease as amounts to be paid by the Customer in order to exercise the lease purchase option.

25. Thus, to purchase the Subject Vehicle, Plaintiff was forced to pay more than the Purchase Option under the Lease.

26. All conditions precedent to the filing of this lawsuit have been satisfied and/or waived.

## CLASS ACTION ALLEGATIONS

27. Plaintiff brings this action against Defendant pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of himself and all other persons similarly situated.

Plaintiff seeks certification of the following classes (referred to collectively as the "Class"):

**The Nationwide Class**

All consumer lessees nationwide who leased a motor vehicle pursuant to a lease agreement that was assigned to Hyundai Capital America, Inc., (or a predecessor in interest or affiliated companies, including, but not limited to, Hyundai Lease Titling Trust, Hyundai Motor Finance, Kia Finance America and Kia Motors Finance), and subsequently purchased the vehicle (on a date within the applicable statute of limitations) pursuant to the purchase option of their lease, for an amount in excess of the required price disclosed in their lease.

Excluded from the Class are Defendant, its officers, employees, subsidiaries, affiliates, directors and members of their immediate families, and any government entity or judicial officers.

**The Florida Statutory Class**

All Florida consumer lessees who leased a motor vehicle pursuant to a lease agreement that was assigned to Hyundai Capital America, Inc., (or a predecessor in interest or affiliated companies, including, but not limited to, Hyundai Lease Titling Trust, Hyundai Motor Finance, Kia Finance America and Kia Motors Finance), and subsequently purchased the vehicle in Florida (on a date within the applicable statute of limitations) pursuant to the purchase option of their lease and because of Defendant's deceptive, misleading, and deceptive practices were forced to paid an amount in excess of the required price disclosed in their lease.

Excluded from the Class are Defendant, its officers, employees, subsidiaries, affiliates, directors and members of their immediate families, and any government entity or judicial officers.

28. Plaintiff reserve the right to modify or amend the proposed class definitions and/or to add subclasses, if necessary, before this Court determines whether certification is appropriate.

29. This case is properly brought as a class action under Fed. R. Civ. P. 23(a) and (b)(3), and all requirements therein are met for the reasons set forth in the following paragraphs.

A. **NUMEROSITY**

30. Upon information and belief, the Nationwide Class consists of hundreds or thousands of consumers across the country who entered into motor vehicle leases with Defendant,

exercised their lease rights to purchase the vehicles, and were charged fees in excess of what the leases authorized.

31. Upon information and belief, the Florida Statutory Class consists of hundreds or thousands of consumers who entered into motor vehicle leases with Defendant in Florida, exercised their contractual rights to purchase the vehicles, and were charged fees in excess of what their leases authorized.

32. The names and addresses of all Class members can be identified in the business records maintained by Defendant. The precise number of Class members will be obtained through discovery, but based on publicly available information, the numbers are clearly more than can be consolidated in a single action, and it is impractical for each Class member to bring suit individually. For example, Hyundai Capital's website states that it services over 2 million customers with approximately 1,600 dealers across the country. As a result, the members of the Class are certainly numerous and geographically diverse.

**B. COMMONALITY**

33. There are questions of law and fact that are common to the claims of the Plaintiff and the Class. Among such common questions of law and fact are the following:

   a) Whether Defendant's lease is a standardized form agreement provided to it affiliated dealerships;

   b) Whether HCA lessees were subject to the common business practices of HCA relating to lease buyouts;

   c) Whether the Defendant breached its lease agreements by charging lessees, or causing lessees to be charged, fees in excess to those permitted by the express terms of the lease agreements;

   d) Whether Defendant violated the Consumer Leasing Act, 15 U.S.C. § 1667 *et seq.*, by charging lessees, or causing lessees to be charged, fees in excess to those permitted by the express terms of the lease agreements;

   e) Whether the Defendant engaged in a deceptive and unfair business practice by

       misleading the Class members that they would only pay the costs identified in their lease agreements to purchase their lease vehicles and then charging lessees, or causing lessees to be charged, undisclosed and excessive fees; and

    f) Whether Plaintiff and the Class members were damaged as a result of Defendants' wrongful conduct.

## C. TYPICALITY

34. Plaintiff's claims are typical of the claims of the Class because of the similarity, uniformity, and common purpose of Defendant's conduct. Each Class member has sustained damages as a result of Defendant's wrongful conduct in the same manner as the Plaintiff – that is, each Class member was charged fees (1) not authorized by the lease agreements; and (2) undisclosed in violation of applicable law. Plaintiff and the Class are pursuing the same legal relief and remedies to recover damages.

## D. ADEQUACY OF REPRESENTATION

35. Plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class. Plaintiff has suffered damages because of Defendant's wrongful practices. Plaintiff is committed to the vigorous prosecution of this action on behalf of himself and all others similarly situated persons and has retained competent counsel experienced in the prosecution of class actions. There is no hostility of interest between Plaintiff and the unnamed class members, and no difficulty in the management of this litigation as a class action is expected. Moreover, Plaintiff's chosen legal counsel has the financial and legal resources to meet the anticipated costs associated with this type of litigation and has considerable experience in consumer class action matters of this type.

## E. REQUIREMENTS OF FED. R. CIV. P. 23(b)(3)

### 1. Predominance

36. The questions of law or fact common the claims of Plaintiff and the Class

predominate over any questions of law or fact affecting only individual members of the Class. All claims by Plaintiff and the unnamed Class members are based on Defendant's uniform lease practices that resulted in consumer lessees paying more for motor vehicles than authorized in the lease agreements or applicable law.

37. Common issues predominate when, as here, liability can be determined on a Class-wide basis.  Since the liability issues are common to the class, as they are in this case, common questions predominate over individual questions.

38. Because all claims by Plaintiff and the unnamed Class members are based on the same misconduct by Defendant—namely, that the Defendant charged lessees, or caused lessees to be charged, fees in excess to those permitted by the express terms of the lease agreements—the predominance requirement of Fed. R. Civ. P. 23(b)(3) is satisfied.

**2. Superiority**

39. A class is superior to hundred or thousands of individual actions in part because of the non-exhaustive factors listed below:

   a) Joinder of all Class members would create extreme hardship and inconvenience because of their geographic dispersions. Upon information and belief, Class members reside throughout the United States.

   b) Individual claims by the Class members are impractical because the costs to pursue individual claims is relatively small compared to the amounts at issue and the expense or burden of litigation make individual suits impractical.

   c) The interests of justice will be well served by handling common disputes of potential Class members in one forum, which conserves judicial resources and facilitates consistency of adjudications.

   d) The action is manageable as a class action and individual lawsuits are generally not economically maintainable as individual actions.

## COUNT I
## VIOLATION OF FEDERAL CONSUMER LEASING ACT,
## 15 U.S.C. § 1667 *et seq.*, and 12 C.F.R. § 213.4.
## (ON BEHALF OF THE NATIONWIDE CLASS)

40. Plaintiff re-alleges and incorporates all allegations in paragraphs 1 through 39 as if set forth fully herein.

41. Defendant is a lessor under 15 U.S.C § 1667(3) because it is regularly engaged in leasing, offering to lease, or arranging to lease vehicles under a consumer lease. Plaintiff and all members of the Nationwide Class are lessees under 15 U.S.C § 1667(2) because they were natural persons who entered into a consumer lease with HCA as defined under 15 U.S.C. § 1667(1).

42. The consumer leases between Defendant, Plaintiff, and Class were governed by the disclosure requirements of 15 U.S.C. §§ 1667a and 12 C.F.R. § 213.4.

43. Defendant violated 15 U.S.C §§ 1667a and 12 C.F.R. § 213.4 by, among other things, failing to disclose all costs that Plaintiff and members of the Class would be required to pay if Plaintiff and members of the Class elected to purchase their vehicles pursuant to the lease purchase options. Specifically, the leases stated that Plaintiff would only be required to pay the fees identified in the leases.

44. Defendant's violation of 15 U.S.C §§ 1667a and 12 C.F.R. § 213.4 was the actual and proximate cause of damages suffered by Plaintiff and the Class, as they incurred additional costs, not described in the lease, upon exercising their purchase option.

45. Pursuant to 15 U.S.C § 1640 Plaintiff and the Class members are entitled to recover damages, statutory damages for violation of the Consumer Leasing Act, costs, and attorneys' fees.

**WHEREFORE**, Plaintiff, on behalf of himself and the Class, demand judgment against Defendant for compensatory damages, pre-judgment interest, statutory damages, attorneys' fees, costs incurred in bringing this action, and any other relief the Court deems just and proper.

## COUNT TWO

### VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICE ACT
### (ON BEHALF OF THE FLORIDA STATUTORY CLASS)

46. Plaintiff re-alleges and incorporates all allegations in paragraphs 1 through 39 as if set forth fully herein.

47. This Count is brought pursuant to the Florida Deceptive and Unfair Trade Practice Act ("FDUTPA").

48. At all times material, Plaintiff and all members of the Florida Statutory Class were consumers within the meaning of § 501.203, Fla. Stat., and are entitled to relief under FDUTPA in accordance with § 501.211, Fla. Stat.

49. At all times material, Defendant conducted trade and commerce within the meaning of § 501.203, Fla. Stat.

50. FDUPTA expressly declares that "unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

51. A "deceptive act" under FDUPTA is a representation, omission, or practice that is likely to mislead the consumer, while a practice is deemed "unfair" if it offends established public policy or is immoral, unethical, oppressive, or substantially injurious to consumers.

52. Defendant has engaged in standard business practices that force consumer lessees to pay undisclosed and excessive fees due to deceptive, misleading, and unfair conduct as alleged herein – all of which occurred in connection with Defendant's trade and commerce in Florida. Defendant misled customers like Plaintiff who were engaged in the lease buyout transactions and HCA failed to deal with their customers fairly.

53. Defendant's unfair and deceptive acts and practices violated FDUTPA, §§ 501.201 and 501.211, Fla. Stat. and caused injury to Plaintiff and the Class by requiring the payment of

additional, undisclosed fees in order to exercise their lease buyout.

54. As a direct and proximate result of Defendant's FDUTPA violations, Plaintiff and the Florida Statutory Class have been incurred actual damages, and are entitled to recover attorneys' fees and costs pursuant to 501.211(2) and 501.2105(1), and all other relief and remedies available under FDUTPA.

**WHEREFORE**, Plaintiff, on behalf of himself and the Class demands judgment against Defendant for damages, pre-judgment interest, attorneys' fees, costs incurred in bringing this action, and any other relief the Court deems just and proper.

## COUNT THREE
## BREACH OF CONTRACT
## (ON BEHALF OF ALL CLASSES)

55. Plaintiff re-alleges and incorporates all allegations in paragraphs 1 through 39 as if set forth fully herein.

56. In Section 9 of Defendant's standard lease agreement, a consumer is granted the option to purchase the lease vehicle as follows:

> "You have an option to purchase the Vehicle from us at the scheduled end of the Lease Term, AS IS, WHERE IS, from us or a party we designate, ("See <u>Section 23</u>), for the Residual Value on line <u>7D</u> above (Purchase Price") plus a Purchase Option Fee of $___. You are also responsible for any official fees, such as those for taxes, tags, licenses, and registration. *Please see <u>Section 23</u> of this Lease for additional terms and conditions*.

57. However, the lease did not permit Defendant or its agents, apparent agents, servants, or affiliated dealers to impose any other fees when Plaintiff or the Class members exercised the lease purchase option.

58. Defendant materially breached the lease agreements with Plaintiff and the Class members by designating the affiliated dealerships as the party from whom Plaintiff and the Class Members could purchase their vehicles, but then forcing lessees to pay additional fees not

13

authorized by the lease when they exercised the lease purchase option.

59. As a direct and proximate result of the Defendant's material breaches of the lease agreement, Plaintiff and the Class members have suffered damages.

**WHEREFORE**, Plaintiff, on behalf of himself and the Class, demands judgment against Defendant for compensatory damages, pre-judgment interest, attorneys' fees, costs incurred in bringing this action, and any other relief the Court deems just and proper.

### RELIEF REQUESTED
### (ON BEHALF OF ALL CLASSES)

Plaintiff and the Class respectfully request that this Court:

A. Certify this action as a class action under Federal Rule of Civil Procedure 23(a), and (b)(3); appoint Plaintiff, William R. Scherer III, as representative of the Nationwide Class; appoint Plaintiff, William R. Scherer III, as representative of the Florida Statutory Class, and appoint Kelley Uustal as Class Counsel.

B. Enter judgment against Defendant on the claims asserted herein and award Plaintiff and the Class all common law, compensatory, and statutory damages, plus interest.

C. Award Plaintiff and the Class their attorneys' fees, costs, and expenses.

D. Award injunctive relief pursuant to applicable law.

E. Award Plaintiff and the Class such further relief as appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff and the Class demand trial by jury on all issues permitted by law.

Dated: May 27, 2022

**Kelley Uustal, PLC**
500 North Federal Highway, Suite 200
Fort Lauderdale, Florida 33301
Telephone: (954) 522-6601
Facsimile: (954) 522-6608
By: /s/ *Cristina M. Pierson*
    Cristina M. Pierson, Esq. (FBN 984345)
    cmp@kulaw.com
    Matthew DellaBetta, Esq. (FBN 1031216)
    mdb@kulaw.com

*Counsel for Plaintiff and the Proposed Class*